UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HIEU PHUONG HOANG                               CIVIL ACTION

VERSUS                                          NO. 24-1722

NSS CABINET, LLC, ET AL.                        SECTION: "G" (3)

## ORDER AND REASONS

Before the Court is a motion (Doc. 20) by Vinh Cao Ho requesting pro bono counsel for "NSScabinet."  For the following reasons, the motion is denied.

### I. Background

The Complaint alleges that Plaintiff Hieu Phuong Hoang provided a $5,000 personal check deposit payable to "NSS Cabinet DBA Spa Mall" for the purchase of multiple pedicure chair systems.[1] The transaction fell through.[2] But the deposit was not refunded.[3] Ms. Hoang sued Mr. Ho, his business associates, and several NSS Cabinet corporate entities (collectively, "NSS").[4] Ms. Hoang alleges civil RICO claims, as well as claims for breach of contract.[5]

"NSScabinet's Associate" signed and submitted a response to the lawsuit.[6] The the District Court noted that 28 U.S.C. § 1654 precludes a corporation from appearing through a lay person and ordered that NSSCabinet submit a statement regarding

---

[1] Doc. 1, ¶ 16.
[2] *Id.* ¶ 18.
[3] *Id.*
[4] *See* R. Doc. 1.
[5] *Id.*; *see also* R. Doc. 10.
[6] Doc. 5.

1

future representation and the steps it is taking to secure counsel.[7] Based on that order, Mr. Ho filed a motion requesting that the Court provide NSS with counsel. Mr. Ho's motion was referred to the undersigned.[8]

## II. Appointment of Counsel

Mr. Ho asserts that NSS is a small family business with a total of four employees, including Mr. Ho and his business partner. Mr. Ho asserts NSS "has not been doing well" and that he "ha[s] not earned any money for the last few months[,]" rendering him unable to afford to retain counsel for NSS.[9] Additionally, he states he is in poor health, recently was hospitalized for heart failure, is under a lot of stress, and is grieving the recent unexpected death of his son.[10] Mr. Ho has requested court-appointed counsel for "NSScabinet."[11]

28 U.S.C. § 1915(e)(1) authorizes courts to request that an attorney represent "any person unable to afford counsel." The Supreme Court has held, however, that the word "person" in this context applies only to natural persons. *Rowland v.*

---

[7] Doc. 14.
[8] The Complaint alleges subject matter jurisdiction based on the inclusion of civil RICO claims. Even construing the allegations generously, it is far from clear that there is any viable RICO claim. *See Arruda v. Curves Int'l, Inc.,* 861 F. App'x 831, 836 (5th Cir. 2021) (Courts "must be wary of transforming business-contract or fraud disputes into federal RICO claims."). Further, although the Complaint alleges that diversity jurisdiction exists, the record does not contain a a disclosure statement compliant with Rule 7.1(a)(2), and the amount in controversy is questionable given that Defendants have offered to refund the $5,000 deposit at issue. The following analysis assumes, however, that subject matter jurisdiction is present.
[9] Doc. 20 at 1.
[10] *Id.*
[11] Mr. Ho has not specified the NSS corporate entities for which he seeks pro bono counsel, but that issue is not material for the reasons discussed herein.

*California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 212 (1993). Similarly, the En Banc Court's Resolution regarding the Civil Pro Bono Counsel Program applies to "pro se litigants." And, as the Supreme Court observed in *Rowland*, only natural persons (not corporate entities) can appear pro se. *See id.* Thus, neither the statute nor the Resolution appears to provide an avenue that would authorize the appointment of counsel for any of the NSS corporate entity defendants.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Counsel (Doc. 20) is **DENIED.**

New Orleans, Louisiana, this 5th day of November, 2024.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

3